IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| CHRISTOPHER DEEDY, | CV. NO. 18-00094 DKW-RLP |
|---|---|
| Petitioner, | **ORDER (1) DENYING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS AS TO ABANDONMENT AND COLLATERAL ESTOPPEL; AND (2) GRANTING A CERTIFICATE OF APPEALABILITY** |
| vs. | |
| CLARE E. CONNORS, *Attorney General, State of Hawaiʻi*,[1] *et al.*, | |
| Respondents. | |

This matter comes before the Court to address two claims that remain from Petitioner Christopher Deedy's Section 2241 Petition for Writ of Habeas Corpus (Petition). Specifically, the Court is asked to decide whether the Double Jeopardy Clause of the U.S. Constitution bars the State of Hawaiʻi from prosecuting Deedy for first- and second-degree assault because the State either (1) abandoned the assault charges, or (2) is collaterally estopped from doing so. Having reviewed the materials submitted by the parties, including the recent supplemental briefing on these issues, the Court rejects both of Deedy's claims. First, as more fully set forth below, even if the principle of abandonment that Deedy relies upon was adopted in this Circuit, the out-of-circuit case law he cites is inapposite and materially

---

[1]Clare E. Connors is substituted in place of named defendant, Russell Suzuki, by operation of Fed.R.Civ.P. 25(d). Dwight Nadamoto, acting Prosecuting Attorney for the City and County of Honolulu, is likewise substituted in place of named defendant, Keith M. Kaneshiro.

different.  Second, the argument relating to collateral estoppel that Deedy raised in the Petition, and which has now morphed to accommodate the relief he has already achieved, fails to establish that the issue he identifies has already been decided. Accordingly, neither of the bases addressed herein is grounds to grant the Petition. Nonetheless, the Court GRANTS Deedy a certificate of appealability with respect to his abandonment claim, as set forth below.[2]

## STANDARD OF REVIEW

Habeas relief is proper under Section 2241 when the petition shows that a retrial would violate the Fifth Amendment right against double jeopardy. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009).  Any such determination is made upon *de novo* review.  *Id*. at 828.

## DISCUSSION[3]

The Court addresses each remaining claim, starting with abandonment.

I. **Abandonment**

In his Petition, Deedy argues that the State abandoned charges of assault, and, thus, should be precluded from re-prosecuting him for the same.  Dkt. No. 1-1

---

[2]Although the Court directed the parties to address whether this case should be stayed in light of the State's filing of a March 2020 petition for writ of certiorari with the U.S. Supreme Court, having reviewed the parties' briefing on the same, the Court opts not to impose a stay.  The principal reason for a stay–the Supreme Court potentially obviating the need to address the claims that remain–is simply too remote to warrant imposing one.

[3]The material factual and procedural background of this case is set forth in the Court's prior order addressing the Petition.  *See* 8/10/18 Order at 2-13, Dkt. No. 29.  The Court assumes the parties' familiarity with the same, and, thus, does not repeat it herein.

at 26-36.  In his opening supplemental brief, Deedy argues that the "core" of his abandonment claim "rests" on the State's closing argument at the second trial that the assault charges "do not apply to the facts in the case."  Dkt. No. 42 at 4 (quotation omitted).

Relying principally upon *United States v. Cavanaugh*, 948 F.2d 405 (8th Cir. 1991), Deedy argues that, although the Ninth Circuit has not addressed the matter, other Circuits have recognized a double jeopardy bar to the retrial of an offense that has been deliberately abandoned by the prosecution.  *Id*. at 2-5; Dkt. No. 44 at 4-5.  Assuming for purposes of this case that the Ninth Circuit would recognize the abandonment claim Deedy brings under the Double Jeopardy Clause, the Court disagrees that *Cavanaugh* applies here or that a jeopardy-terminating event has occurred.

In *Cavanaugh*, the Eighth Circuit concluded that double jeopardy barred retrial of an assault charge "when the government's deliberate trial strategy caused the first trial to terminate without the jury passing upon that charge."  948 F.2d at 417.  The Eighth Circuit so concluded due to two "critical factors" – "the failure of the original jury to return a verdict on the assault count and the reasons it did not." *Id*. at 415.  The Eighth Circuit explained that the jury did not pass upon the assault charge for the following reasons.  At trial, the government abandoned any theory that an assault was separate from the murder that took place.  *Id*. at 413.  In

3

addition, the government proposed and received a jury instruction merging the assault and murder charges. *Id.* In other words, the jury was instructed that it could not find the defendants guilty of assault if they found the defendants guilty of murder. *Id*. at 410.

There are critical differences between this case and *Cavanaugh*. First, here, the jury did consider the assault charges (and the evidence related thereto). Although the jury here could not unanimously agree on the verdict with respect to the assault charges, that does not mean that the jury did not consider the same or that a jeopardy-terminating event occurred. *See United States v. Richardson*, 468 U.S. 317, 324-325 (1984) (explaining that a "hung jury" does not result in a jeopardy-terminating event). Second, contrary to Deedy's assertions, there is simply no evidence that, here, the jury's failure to reach a verdict on the assault charges was due to the State's actions. In contrast, in *Cavanaugh*, the reason the jury never passed on the assault charge was entirely due to the government's actions, not the least of which was the government's decision to propose a jury instruction that prohibited the jury from passing on assault if they found a defendant guilty of murder. Third, contrary to Deedy's assertion in his original reply, Dkt. No. 24 at 13-14, *Cavanaugh* undoubtedly did *not* involve a hung jury. *See Cavanaugh*, 948 F.2d at 407, 417 (stating that the jury "did not pass" upon the assault charge.)

As the Eighth Circuit explained, these were the critical factors barring retrial: the government's actions *and* the resulting failure of the jury to pass on the assault charge. Here, however the government's actions at Deedy's second trial may be described, they did not result in the jury failing to consider the assault charges. As a result, the Court does not find *Cavanaugh* applicable and rejects Deedy's claim that the State abandoned the assault charges within *Cavanaugh*'s meaning.

## II. <u>Collateral Estoppel</u>

In his Petition, Deedy argues that whether he fired a lethal shot recklessly has been decided in his favor by the state trial court. Dkt. No. 1-1 at 24-25. At first, Deedy asserted that this determination barred his retrial on "reckless manslaughter." *Id*. at 24. Since reckless manslaughter is no longer on the table as a result of this Court's prior ruling (Dkt. No. 29) and the Ninth Circuit's affirmance of the same (Dkt. No. 40), Deedy now asserts that the state trial court's determination as to the reckless lethal shot bars retrial "not only [of] reckless manslaughter, but reckless assault…as well." Dkt. No. 42 at 6. In addition, although he concedes that the issue has not been previously raised, Deedy argues that the jury's acquittal of him "intentionally firing the lethal shot" bars retrial of intentional assault. *Id*.

Neither argument has merit. In both instances, Deedy contends that either the trial court or the jury have determined that he did not, respectively, recklessly or intentionally fire the lethal shot. Deedy has failed to establish this on both accounts. *See Sivak v. Hardison*, 658 F.3d 898, 918 (9th Cir. 2011) (stating that "[t]he burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.") (quotation and internal quotation omitted).

As for reckless (or second-degree) assault, the transcript which Deedy cites, Dkt. No. 1-5, merely shows that the trial court did not believe that an instruction was warranted as to reckless manslaughter generally. *See* 8/13/13 Tr. at 46:6-21, Dkt. No. 1-5. The fact that the trial court mentioned the "final shot" or "lethal shot" does not mean that the trial court determined, as Deedy contends, *see* Dkt. No. 44 at 6, that the shot was not fired recklessly. In context, it could just as easily (if not more easily) mean what the trial court said: as to that shot, there was insufficient "evidence to support manslaughter." *See id*. at 46:6-10.[4]

Similarly, as for intentional (or first-degree) assault, there is no support in the record evidence that the jury "expressly acquit[ted] Deedy of intentionally

---

[4]More specifically, there is simply no basis in the record evidence to support Deedy's assertion that "[t]he trial judge's ruling went to reckless conduct, not recklessness as to result." *See* Dkt. No. 44 at 6. Nor is it evident that evidence of the lethal shot is the only means by which Deedy could be convicted of reckless assault.

firing the lethal shot….." *See* Dkt. No. 42 at 6. Rather, the only evidence in the record is that the jury returned a general verdict that Deedy was not guilty of intentional *murder*. *See* 8/14/14 Tr. at 26:4-27:12. The basis upon which the jury reached that verdict is simply unknown. As a result, because Deedy has failed to meet his burden with respect to either first- or second-degree assault, the Court rejects the claim that the State is collaterally estopped from bringing those charges.[5]

### III. <u>Certificate of Appealability</u>

In denying the remaining claims in the Petition, the Court addresses whether Deedy is entitled to a certificate of appealability ("COA"). *See Wilson*, 554 F.3d at 825; *see also* R. 1(b) & 11(a), Rules Governing Section 2254 Cases. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

---

[5]There is, of course, the matter of Deedy not properly raising this argument with respect to reckless assault and not raising it at all with respect to intentional assault in his Petition. The Court, however, does not rely on the foregoing in resolving the claim.

7

Having considered the matter, the Court GRANTS a COA solely on the following:

Whether the Ninth Circuit recognizes a claim of abandonment under the Double Jeopardy Clause and, if so, whether Deedy has shown that the State abandoned the assault charges against him.

## **CONCLUSION**

For the reasons set forth herein, the Court DENIES the Petition as to the claims of abandonment and collateral estoppel. The Court GRANTS a COA solely to the extent set forth herein.

In addition, in light of this Order and the Ninth Circuit's December 20, 2019 Order affirming in part, reversing in part, and remanding, Dkt. No. 40, the Court instructs the Clerk to VACATE the Judgment entered on August 10, 2018, Dkt. No. 30. In its stead, the Clerk is instructed to enter Judgment as follows: (1) GRANTING the Petition to the extent that the State may not retry Deedy for

//

//

//

manslaughter; and (2) DENYING the Petition to the extent that the State <u>may</u> retry Deedy for first- and second-degree assault.

IT IS SO ORDERED.

Dated: April 9, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Deedy v. Suzuki, et al.*; CV. NO. 18-00094 DKW-RLP; **ORDER (1) DENYING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS AS TO ABANDONMENT AND COLLATERAL ESTOPPEL; AND (2) GRANTING A CERTIFICATE OF APPEALABILITY**